# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALYSSA CHRISTIN,<br><br>Plaintiffs,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | Case No. 1:24-cv-00619-KES-SAB<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO QUASH SUBPOENAS FOR MEDICAL RECORDS FOLLOWING INFORMAL DISCOVERY DISPUTE<br><br>(ECF Nos. 13, 14, 15, 18) |

On January 2, 2025, Plaintiff filed three motions to quash three subpoenas issued by Defendant to non-party medical providers Altura Centers for Health, Frank Gavini, M.D., and Adventist Health Hanford. (ECF Nos. 13, 14, 15.) The motions were set for hearing on January 29, 2025. On January 16, 2025, the parties filed a joint statement re discovery dispute pursuant to Local Rule 251(c). (ECF No. 18.)

Following the submission of the joint statement, the parties requested that the hearing on the three motions to quash be converted into an informal discovery dispute conference. (ECF No. 19.) An informal videoconference was held on January 27, 2025. (ECF No. 20.) Counsel Catharine McGlynn appeared for Plaintiff and counsel Jason E. Murtagh appeared for Defendant. The Court notes this matter was conducted off the record; however, the parties were afforded an opportunity to place the matter on the record and no party requested to do so.

Having considered Plaintiff's motions, the parties' joint statement, and the discussion at the January 27, 2025 informal conference, Plaintiff's three motions to quash shall be denied.

/ / /

1

1

**I.**

2

**BACKGROUND**

3        On May 24, 2024, Defendant removed this disability discrimination action from Kings

4    County Superior Court based on diversity jurisdiction.  (ECF No. 1.)  In her complaint, Plaintiff

5    alleges that she was employed by Defendant as a Pharmacy Unloader/Processor from February 6,

6    2020 until November 30, 2023.  (ECF No. 1-1, Compl. ¶ 9.)  Plaintiff alleges she suffered a syncope

7    at her home on June 11, 2023.  (Id. at ¶ 11.)  Following the syncope, Plaintiff allegedly experienced

8    ongoing symptoms that resulted in a leave of absence and work restrictions.  (See, e.g., id. at ¶¶ 12,

9    13, 15, 18, 20, 23.)  Plaintiff alleges she was wrongfully terminated by Defendant on November

10   30, 2023.  (Id. at ¶ 25.)  Plaintiff further alleges that as a result of Defendants actions, which include

11   discrimination based on physical disability, failure to accommodate actual or perceived physical

12   disability, failure to engage in good faith interactive process, failure to prevent discriminatory

13   practices, Fair Employment & Housing Act retaliation, retaliation for requesting/taking California

14   Family Rights Act leave, and wrongful termination in violation of public policy, she has suffered

15   and continues to suffer from emotional distress.  (Id. at ¶ 33.)

16       On December 10, 2025, Defendant issued three third party subpoenas to three of Plaintiff's

17   health care providers: Altura Centers for Health, Frank Gavini, M.D., and Adventist Health

18   Hanford.  (ECF Nos. 13, 14, 15.)  The subpoenas seek medical and billing records from January 1,

19   2021 to present.  (ECF No. 13-1 at 40, 45, 50.)  Plaintiff now moves to quash each subpoena.

20

**II.**

21

**LEGAL STANDARDS**

22       Rule 45 of the Federal Rules of Civil Procedure authorizes the issuance of a subpoena to

23   command a nonparty to "produce designated documents, electronically stored information, or

24   tangible things in that person's possession, custody, or control. . . ."  Fed. R. Civ. P. 45(a)(1)(A)(iii).

25   In response to the subpoena, the nonparty must serve objections to the request before the earlier of

26   the time specified for compliance or fourteen days after the subpoena is served.  Fed. R. Civ. P.

27   45(d)(2)(B.)  If an objection is made, the serving party may move for an order compelling

28   compliance in the court for the district where compliance is required.  Fed. R. Civ. P. 45(b)(1)(B(i).

1    It is well settled that the scope of discovery under a subpoena is the same as the scope of

2    discovery under Rule 26(b) and 34.  Goodyear Tire & Rubber Co. v. Kirk's Tire & Auto Service

3    Center, 211 F.R.D. 648, 662 (D. Kan. 2003) (quoting Advisory Committee Note to the 1970

4    Amendment of Rule 45(d)(1) that the amendments "make it clear that the scope of discovery

5    through a subpoena is the same as that applicable to Rule 34 and the other discovery rules.").  Rule

6    34(a) provides that a party may serve a request that is within the scope of Rule 26.  Under the

7    Federal Rule of Civil Procedure 26:

8    
9    
10   
11   
12   

> Parties may obtain discovery regarding any nonprivileged matter that
> is relevant to any party's claim or defense and proportional to the
> needs of the case, considering the importance of the issues at stake
> in the action, the amount in controversy, the parties' relative access
> to relevant information, the parties' resources, the importance of the
> discovery in resolving the issues, and whether the burden or expense
> of the proposed discovery outweighs its likely benefit.  Information
> within this scope of discovery need not be admissible in evidence to
> be discoverable.

13   

14   Fed. R. Civ. P. 26(b)(1).

15       Relevancy is broadly defined to encompass any matter that bears on, or that reasonably

16   could lead to other matter that could bear on, any issue that is or may be in the case.  Oppenheimer

17   Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978).  Although relevance is broadly defined, it does

18   have "ultimate and necessary boundaries."  Gonzales v. Google, Inc., 234 F.R.D. 674, 680 (N.D.

19   Cal. 2006) (quoting Oppenheimer Fund, Inc., 437 U.S. at 351).  While discovery should not be

20   unnecessarily restricted, discovery is more limited to protect third parties from harassment,

21   inconvenience, or disclosure of confidential documents.  Dart Industries Co., Inc. v. Westwood

22   Chemical Co., Inc., 649 F.2d 646, 649 (9th Cir. 1980).  In deciding discovery disputes, courts must

23   be careful not to deprive the party of discovery that is reasonably necessary to their case.  Dart

24   Industries Co., Inc., 649 F.2d at 680.  "Thus, a court determining the propriety of a subpoena

25   balances the relevance of the discovery sought, the requesting party's need, and the potential

26   hardship to the party subject to the subpoena."  Gonzales, 234 F.R.D. at 680.

27       Rule 45(d)(3)(A) sets forth the bases for a court to quash or modify a subpoena, which

28   provides, in pertinent part, that "[o]n timely motion, the court for the district where compliance is

1    required must quash or modify a subpoena that…(iii) requires disclosure of privileged or other

2    protected matter, if no exception or waiver applies….” Fed. R. Civ. P. 45(d)(3)(A).  “The general

3    rule…is that a party has no standing to quash a subpoena served upon a third party, except as to

4    claims of privilege relating to the documents being sought.” Cal. Sportfishing Prot. All. v. Chico

5    Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) (citing Windsor v. Martindale, 175 F.R.D.

6    665, 668 (D. Colo. 1997)).

7                                                 **III.**

8                                          **DISCUSSION**

9            Plaintiff moves to quash the subpoenas on the basis that they require the disclosure of

10   privileged matter.  (ECF Nos. 13, 14, 15.)  Plaintiff avers the subpoenas invade Plaintiff's

11   constitutionally based right of privacy and violate the patient-physician privilege.  Alternatively,

12   Plaintiff requests that the subpoenas be limited to the conditions put at issue in this case: (1) the

13   syncope Plaintiff allegedly suffered on June 11, 2023, and (2) the alleged emotional distress

14   beginning on November 30, 2023, the date Defendant allegedly wrongfully terminated Plaintiff.

15   (ECF No. 13 at 10-11; ECF No. 14 at 10; ECF No. 15 at 11.)  Plaintiff contends there should be no

16   discovery as to any conditions pertaining to the syncope prior to June 13, 2023, since Plaintiff does

17   not allege that the syncope resulted from her employment with Defendant.  (Id.)  Plaintiff further

18   argues that discovery of medical records related to emotional distress prior to November 30, 2023

19   should be limited from January 1, 2021 to present so long as Plaintiff can review them first and

20   redact any sensitive, privileged information.  Then, Plaintiff requests that the Court conduct an in-

21   camera review to ensure that Plaintiff properly redacted the subpoenaed records.

22           Defendant opposes the motions, arguing the subpoenas are narrowly tailored to minimize

23   intrusion into Plaintiff's privacy.  (ECF No. 18 at 3-4.)  Defendant avers the subpoenas request only

24   records limited to the timeframe and conditions relevant to the litigation.  Defendant points out it

25   only served subpoenas on entities that Plaintiff identified in her initial disclosures, and who she

26   disclosed that she plans to call upon to support her claims. Defendant also notes the parties have

27   entered a stipulated protective order, which will ensure the confidentiality of Plaintiff's records.

28           As discussed at the informal discovery conference and for the following reasons, the Court

                                                    4

1  shall deny Plaintiff's motions to quash the subpoenas and her alternative request to limit the

2  subpoenas in substance and temporal scope with a requisite first look by Plaintiff with subsequent

3  in camera review.

4         A party may waive her general right to privacy as to medical records if she puts their

5  contents at issue in a case.  Anderson v. Clawson, No. C 13-0307 LHK (PR), 2014 WL 3725856,

6  at *2 (N.D. Cal. July 25, 2014) (citing  Smith v. Solano Cnty., 2012 WL 3727332, at *1 (E.D.Cal.

7  Aug. 24, 2012)). "[T]here is undoubtedly a waiver if the party brings claims concerning physical

8  or mental health injuries and then seeks damages for those injuries."  Canton v. U.S. Foods, Inc.,

9  No. 22-cv-04226-TLT-LJC, 2023 WL 4053798, at *2 (N.D. Cal. June 16, 2023); see also Hooks v.

10  Target Corp., No. 5:22-CV-00052-SSS (SPX), 2022 WL 18142528, at *2 (C.D. Cal. Dec. 29, 2022)

11  (noting both the California constitutional right to privacy in a patient's medical records and the

12  statutory privilege of the same can be waived if the patient puts the information sought at issue in

13  litigation); Prescott v. County of Stanislaus, No. 1:10-CV-00592 OWW, 2011 WL 2119036, at *2

14  (E.D. Cal. May 23, 2011) ("under California law, the patient-physician privilege is waived where

15  the patient's specific medical condition is placed into issue by the patient. Under federal law, the

16  privilege  may  when  the  patient  files  a  lawsuit  that  places  the  content  of  the  privilege

17  communications in issue.") (internal citations omitted).  "In deciding whether to quash the

18  subpoena, the Court must balance the need for the particular information against the privacy right

19  asserted."  Knoll, Inc. v. Moderno, Inc., No. C 12-80193-MISC SI, 2012 WL 4466543, at *2 (N.D.

20  Cal. Sept. 26, 2012).

21         Here, Plaintiff seeks damages for discrimination based on physical disability, failure to

22  accommodate actual or perceived physical disability, failure to engage in good faith interactive

23  process, failure to prevent discriminatory practices, Fair Employment & Housing Act retaliation,

24  retaliation for requesting/taking California Family Rights Act leave, wrongful termination in

25  violation of public policy, and related emotional distress.  (ECF No. 1-1.)  In short, Plaintiff claims

26  Defendant discriminated against her based on the alleged syncope she suffered outside work and,

27  as a result, she experienced significant and ongoing emotional distress.  Plaintiff's claims therefore

28  place her medical and mental health records directly at issue.  See Wheat v. Wal-Mart Assocs., Inc.,

No. 1:22-CV-01524-BAM, 2023 WL 8544226, at *4 (E.D. Cal. Dec. 11, 2023) (holding that where a plaintiff "seeks redress for discrimination based on physical disability, failure to prevent discrimination, failure to reasonably accommodate a disability, failure to engage in the interactive process, and related emotional distress[,] [t]he nature of [p]laintiff's claims places his medical and mental health records directly at issue.")  By placing her physical disability and mental conditions at issue in this action, Plaintiff has waived her right to privacy of her medical and mental health records.  As discussed at the informal conference, admissibility of particular records will be determined at a later stage in this litigation. At this stage, the medical and mental health records sought by Defendant are relevant to evaluating Plaintiff's disability claim and the possible alternate causes or contributors to both her physical injuries and her significant emotional distress.  See Hooks v. Target Corp., No. 5:22-CV-00052-SSS (SPX), 2022 WL 18142528, at *3 (C.D. Cal. Dec. 29, 2022).

The Court also denies Plaintiff's alternative request to limit the substantive and temporal scope of the subpoenas and order a first look with subsequent in camera review before the records are produced to Defendant.  Plaintiff first suggests that the subpoenas be limited to only the syncope that Plaintiff allegedly suffered on June 11, 2023 and the emotional distress stemming from her termination on November 30, 2023.  The Court agrees with Defendant, however, that Plaintiff's emotional state prior to her unique alleged physical disability and following her termination are relevant as it may have been influenced by unrelated stressors, prior medical conditions, or other external factors, which may be reflected in medical records outside the specific syncope event on June 11, 2023 or post-termination on November 30, 2023.  (ECF No. 18 at 18-19); see Rosales v. Crawford & Co., No. 2:20-CV-02530 JAM AC, 2021 WL 4429468, at *4 (E.D. Cal. Sept. 27, 2021) ("Given the nature of plaintiff's claims of disability discrimination and emotional distress claims, defendants are certainly entitled to examine [her] medical records ... regarding the physical and mental health allegations in the Complaint, and to examine records from an earlier time frame to test the allegations of causation.") (internal quotations and citations omitted); Sirota v. Penske Truck Leasing Corp., No. C05-03296 SI, 2006 WL 708910, at *3 (N.D. Cal. Mar. 17, 2006) (finding "defendant is entitled to some medical records that pre-date plaintiff's injury, as records

that are contemporaneous to plaintiff's injury may be highly relevant to plaintiff's claims of physical and emotional distress" where plaintiff alleged civil rights violations under FEHA). The Court will not limit Plaintiff's physical health records to the specific syncope event. Defendant reasonably seeks both physical and mental health records given Plaintiff has placed both her physical and mental health at issue, and the two may affect one another.

The Court also finds the specific temporal scope of the subpoenas—limited to approximately two and a half years prior to Plaintiff's alleged syncope event and approximately two years after—is reasonable to allow Defendant to sufficiently evaluate Plaintiff's claims. Courts confronted with similar claims have found even longer timeframes reasonable. See, e.g., Hooks, 2022 WL 18142528, at *3 (finding defendant was entitled to medical records beginning three years prior to the plaintiff's claimed injury); Wheat, 2023 WL 8544226, at *4 (finding subpoenas limited to ten years were reasonable where the plaintiff sought redress for discrimination based on physical disability and related emotional distress). The limited timeframe of less than three years prior to the syncope event reduces the amount of potentially irrelevant private health information that will be produced to Defendant. Given Plaintiff alleges ongoing emotional distress and physical disability, her medical records following the alleged syncope and termination to present are highly relevant. Further, a stipulated protective order has been entered by the Court in this action. (See ECF No. 8.) Such order prevents the disclosure of Plaintiff's confidential medical and mental health information outside this litigation. On balance, the Court finds Defendant's need for the subpoenaed medical records regarding plaintiff's physical and mental health from January 1, 2021 to present—which are also safeguarded by a stipulated protective order—outweighs Plaintiff's privacy considerations.

///

## IV.

## CONCLUSION AND ORDER

Accordingly, Plaintiff's motions to quash Defendant's subpoenas issued to Altura Centers for Health (ECF No. 13), Frank Gavini, M.D. (ECF No. 14), and Adventist Health Hanford (ECF No. 15) are DENIED.

IT IS SO ORDERED.

Dated:   **February 3, 2025**

STANLEY A. BOONE
United States Magistrate Judge